UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ALDIN MCCLELLAN,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 13CR3619-JLS<br><br>**ORDER DENYING DEFENDANT'S MEMORANDUM FOR AN ORDER GRANTING COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(C)(1)(A)(i)** |

Pending before the Court is Defendant's Memorandum for an Order Granting Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No.168). Defendant has submitted a supplement to his motion (ECF No. 172) and the Government has filed a response in opposition (ECF No. 173). Having carefully considered these submissions and the authorities presented, the Court will deny Defendant's request for compassionate release.

**Background**

In 2016, Defendant McClellan pled guilty to a charge of transportation of a minor to engage in prostitution in violation of 18 U.S.C. § 2423(a) and was sentenced to a term of 90 months' imprisonment and 10 years of supervised release. Defendant is currently serving his sentence at Terminal Island Federal Correctional Institution. Defendant has

served more than 48 months of his sentence and has a projected release date of December 6, 2021.

**Analysis**

Defendant McClellan moves the Court for an order reducing his sentence to time served with an additional period of two years' home detention as a condition of supervised release. Defendant maintains that his mental and physical health combined with the conditions within the correctional institution during the COVID-19 pandemic present extraordinary and compelling grounds for relief under 18 U.S.C. § 3582(c)(1)(A)(i). The Government opposes Defendant's motion and contends that Defendant has not established extraordinary and compelling reasons to support a sentence reduction, and that he remains a danger to the community and the 18 U.S.C. § 3553(a) factors do not support a shorter sentence.

The First Step Act (FSA), enacted in 2018, contains a provision which allows defendants to petition district courts directly for compassionate release. Pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the FSA, the court may reduce a term of imprisonment "…upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier..." In this case, more than 30 days have passed since Defendant submitted a request for relief to the warden of Terminal Island and the parties do not contest exhaustion.[1]

---

[1] At the time Defendant's motion was filed, the exhaustion requirement had not been met. Defendant subsequently sought leave of Court to extend the briefing schedule to permit a request for relief to be made to the warden of the facility. (ECF 170.) Although Defendant apparently did not administratively appeal the warden's ensuing denial of relief, the Government does not dispute that 30 days have elapsed since the denial.

Relief is warranted under Section 3582(c)(1)(A) if, after consideration of the factors set forth in section 3553(a), the court finds that:

1.  Extraordinary and compelling reasons warrant such a reduction; or

2.  The defendant is at least 70 years of age, has served at least 30 years in prison, … and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community; and

3.  Such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The applicable policy statements issued by the Sentencing Commission are set forth in U.S. Sentencing Guideline §1B1.13.  This Guideline, which has not been amended since the enactment of the FSA, still requires that a reduction in a term of imprisonment be based upon a motion of the Director of the Bureau of Prisons.  Otherwise, the Guideline largely tracks the statutory language of Section 3582(c)(1)(A) and provides that the court may reduce a term of imprisonment if it determines that extraordinary or compelling reasons warrant the reduction, or the defendant is a least 70 years old and has served at least 30 years in prison.  The Court must also find that the defendant is not a danger to the community and that the reduction is "consistent with this policy statement."  USSG §1B1.13(2) and (3). Defendant McClellan, who is not over the age of 70 and has not served at least 30 years in prison, proceeds under the "extraordinary or compelling reasons" provision.

The Commentary to Guideline §1B1.13 indicates that extraordinary and compelling reasons exist under several defined circumstances, including the medical condition of the defendant.  Under this category, extraordinary and compelling reasons may exist if the defendant is "suffering from a serious physical or medical condition, [or] a serious functional or cognitive impairment…that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from

which he or she is not expected to recover." USSG § 1B1.13, App. Note 1(A)(ii)(I) and (II).

In this case, Defendant notes that he suffers from asthma and "has been diagnosed with Hepatitis-C, psychiatric disorders, epileptic seizures, hearing voices, paranoid delusions, schizophrenia, and other illnesses." (Def. Mot., ECF No. 168 at 1.) Defendant further indicates that the BOP Terminal Island facility has been among the most seriously impacted BOP facilities during the COVID-19 outbreak.

The Government responds that Defendant's has not identified a medical condition that places him in particular risk during the current pandemic. The Government points to the fact that Defendant has already been diagnosed with COVID-19 and recovered from it in mid-May 2020. The Government notes that Defendant was only recently prescribed an inhaler for asthma and contends that his asthma does not fall within the moderate to severe category which would suggest a possible increased risk for severe illness under current CDC COVID-19 Guidelines. The Government recognizes that Defendant was diagnosed with Hepatitis-C but contends that the condition has been listed as "resolved" within Defendant's BOP medical records. Finally, while records indicate that Defendant has numerous other conditions,[2] the Government argues that all of these ailments taken together do not rise to the level of severity to warrant release.

The Court has carefully considered the parties' arguments, as well as Defendant's voluminous BOP medical records, and agrees with the Government's position that Defendant has not demonstrated that he suffers from any serious physical or mental condition—or combination of conditions—that substantially diminishes his ability to provide self-care within the facility or would render him particularly vulnerable to severe illness from COVID-19. While there is no doubt that institutionalized settings place

---

[2] These include: dental issues; a self-reported epilepsy seizure disorder with no documented incident to date; mental health conditions; hemorrhoids; iron deficiency anemia; neuralgia and neuritis (compression of limbs); radiculopathy (pinched nerve); and unspecified disc disorder.

individuals at increased risk of transmittable diseases, the Court cannot authorize a sentence reduction unless a defendant's medical condition presents a risk so severe that Defendant is unable to provide self-care and from which he cannot be expected to recover. *See* USSG § 1B1.13, App. Note 1(A)(ii)(I) and (II).  The "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020).

Although the CDC identifies moderate-to-severe asthma as a COVID-19 risk factor,[3] Defendant's asthma condition appears to be manageable and relatively minor.  Defendant's medical records do not appear to list asthma as a diagnosed or reported ailment until May 2020, during the time he was infected with COVID-19.  At that time, Defendant was prescribed an inhaler and given a chest x-ray which indicated that his lungs are clear.  Defendant was diagnosed with Hepatitis-C in 2017, however that condition is currently listed as "resolved" in his BOP medical summary.  (ECF No. 176 at 156).  Defendant is a relatively young man and none of the health concerns listed as "current" on Defendant's medical summary are on the CDC's list of medical conditions placing a person at increased risk of severe illness from COVID-19.  Indeed, Defendant has successfully recovered from the COVID-19 virus and during the time he was infected did not appear to suffer severe effects from the disease.  While the possibilities and risks of reinfection of COVID-19 are unknown at this time, the Court has been presented with no evidence to suggest that Defendant is at an enhanced risk of severe consequences should a reinfection occur.  Defendant appears to be receiving treatment for his existing conditions and appears to be

---

[3] Centers for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-10), People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F (last accessed September 9, 2020).

able to provide self-care and actively participate in prison programs and counseling. Thus, the Court concludes that Defendant's current medical condition does not present an extraordinary and compelling basis for relief under Section 3582(c)(1).

## Conclusion

For the reason set forth above, Defendant's Memorandum for an Order Granting Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i) is HEREBY DENIED.

IT IS SO ORDERED.

Dated: September 15, 2020

Hon. Janis L. Sammartino
United States District Judge